# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD B. MCCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 07-1049 |
| v. ) | Judge Nora Barry Fischer |
| ) | |
| MORGAN STANLEY & CO., INC. ) | |
| and EMPIRE HEALTHCHOICE HMO, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

**I. Introduction**

On July 26, 2007, Plaintiff Richard B. McComb ("Plaintiff") filed a Complaint against Morgan Stanley & Co., Inc. ("Morgan Stanley") and Empire Healthchoice HMO, INC. ("Empire"). Following this Courts's dismissal of some of Plaintiff's claims, Plaintiff filed his First Amended Complaint. Specifically, Plaintiff's First Amended Complaint as to Defendant Morgan Stanley alleges violations of the Family and Medical Leave Act (Counts I and II), unfair competition (Count III), wrongful termination (Count IV), and tortious interference with prospective contractual relations (Count V). Defendant Morgan Stanley filed a Partial Motion to Dismiss Plaintiff's wrongful termination claim (Count IV) for failure to state a claim upon which relief may be granted.

**II.    Plaintiff's Allegations**

Plaintiff alleges that, until he was terminated on August 11, 2005, Defendant Morgan Stanley employed him as a financial advisor. (Docket No. 74, at ¶¶ 9, 11). In early 2005,

1

Plaintiff sought treatment to alleviate his sleep apnea that was caused by a genetic anomaly in his neck and throat. *Id*. at ¶¶ 13, 15. From around March 2005 through July 2005, Plaintiff inquired and submitted paperwork to Empire, the administrator of Morgan Stanley's health plan, on several occasions to ascertain whether a particular surgical procedure to help cure his sleep apnea would be covered. *Id*. at ¶¶ 16, 19, 22.

In mid to late July 2005, Plaintiff alleges that he spoke with an Empire customer representative and questioned the representative about Empire's failure to process his request ("July Telephone Call"). *Id*. at ¶ 22. Following the July Telephone Call, Plaintiff further alleges that the Empire representative contacted other employees at Empire and at Morgan Stanley to complain about Plaintiff's demeanor during the call ("Empire's Complaint") with the intent to have Plaintiff disciplined up to and including termination of his employment from Morgan Stanley. *Id*. at ¶ 23. Empire's complaint was then referred to Michael Torre, the head of the Human Resources Department of Morgan Stanley. *Id*. at ¶ 24. The Empire representative also sent an email to Morgan Stanley regarding Plaintiff's alleged conduct during the July Telephone Call, and Mr. Torre sent an email to Matthew Maloney, Plaintiff's supervisor, regarding the same. *Id*. at ¶¶ 25, 26. Plaintiff alleges that the emails from Mr. Torre to Mr. Maloney disclosed protected medical information about his surgical procedure. *Id*. at ¶ 28.

On July 27, 2005, Plaintiff and Mr. Maloney had a conversation during which Mr. Maloney indicated that Plaintiff might have a problem relative to his employment with Morgan Stanley and referenced the email concerning Plaintiff's July Telephone Call. *Id*. at ¶ 42. Between July 27, 2005 and August 9, 2005, Plaintiff alleges that he asked Mr. Maloney to see the email to which he was referring so that he could respond, yet Mr. Maloney refused to show

2

Plaintiff the email.  *Id*. at ¶ 43.  Mr. Maloney also never asked Plaintiff to explain his version of what occurred during the July Telephone Call.  *Id*. at ¶ 45.  Plaintiff further alleges that between July 27, 2005 and August 9, 2005, he expressed concerns to Mr. Maloney and Mr. Torre that Morgan Stanley and Empire had violated Morgan Stanley's Medical Privacy Policies and Procedures and the HIPAA privacy rules.  *Id*. at ¶ 45.

Subsequently, Plaintiff was informed that his services were no longer needed by Mr. Maloney on August 11, 2005. *Id*. at ¶ 46.  Plaintiff alleges that he never received an explanation at the time of his dismissal as to why he was being terminated.  *Id*. at ¶46.

### III. Standard

Considering the recent decisions in *Bell Atlantic v. Twombly*,---U.S.---, 127 S.Ct. 1955 (2007) and the Third Circuit's interpretation in *Phillips v. County of Allegheny*, 515 F.3d 224 (3rd Cir. 2008),  a complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if the Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." "In determining the sufficiency of the complaint the court must accept all of plaintiffs' well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiffs." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).  "The issue is not whether a [plaintiff] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974)).  Under this standard, a

3

complaint will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Bell Atlantic Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Overall, "courts have an obligation ... to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)). The defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### IV. Plaintiff's Wrongful Termination Claim

Defendant Morgan Stanley has moved to dismiss Plaintiff's claim for wrongful discharge (Count IV) contained in his First Amended Complaint because there can be no cause of action for a wrongful discharge claim premised on an internal complaint concerning a violation of a federal statute, such as HIPAA, in Pennsylvania. (Docket No. 81 at p. 6). [1] Accordingly,

---

[1] As this Court notes and Defendant Morgan Stanley highlights in its brief, Plaintiff previously conceded that there is no private right of action for HIPAA violations when this Court was considering Defendant's Partial Motion to Dismiss Plaintiff's original Complaint. (Docket

Defendant maintains that Plaintiff fails to state a claim for which relief can be granted. *Id*. In response, Plaintiff argues that non-statutory causes of action for wrongful discharge are permitted in Pennsylvania.[2] Further, Plaintiff maintains that his wrongful discharge claim is valid based upon the violation of a Public Policy of the Commonwealth of Pennsylvania.[3] For the reasons set forth below, Defendant's partial motion to dismiss is GRANTED.

As a general rule, it is well established in Pennsylvania that there is no cause of action for wrongful termination of an at-will employee. *Consolmagno v. Home Depot,* No. 06-1097, slip. op. at 2 (W.D. Pa. Dec. 6, 2006). Further, "under Pennsylvania law, an at-will employee of a private sector employer 'can be terminated for good reason, bad reason, or no reason at all.' *Id*. (citing *Nix v. Temple Univ.*, 596 A.2d 1132, 1135 (Pa.Super. 1991)). "Pennsylvania has, however, recognized one exception to the general rule: an at will employee may have a legitimate wrongful discharge claim against his employer, if his discharge threatens clearly mandated public policy." *Id*. (citing *Geary v. United States Steel Corp.*, 319 A.2d 174, 184-185 (Pa. 1974)). Even assuming that a strong public policy argument exists and creates such an exception to the at-will employment doctrine, a plaintiff must still meet the requirements that Pennsylvania has set forth for a wrongful termination action in order to be successful. *Id*. at 3.

---

No. 81 at p. 3).

[2] Interestingly, the cases Plaintiff cites in support of his argument that "the Pennsylvania Superior Court and some federal courts have assumed by implication that sole reference to federal statutes could form the basis for a claim of wrongful discharge in violation of the Commonwealth" (Docket No. 85 at p. 4) were deemed to be not uniform with other decisions and therefore, not persuasive by the Supreme Court of Pennsylvania in *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283 (Pa. 2000).

[3] The Court notes that Plaintiff fails to specifically refer to any particular statute or policy of this Commonwealth that Defendant Morgan Stanley, his employer, contravened.

The Supreme Court of Pennsylvania has stated that in order to "set forth a claim for wrongful discharge a Plaintiff must do more than show a possible violation of a federal statute that implicates only his personal interest. The Plaintiff in some way must allege that some public policy of this Commonwealth is implicated, undermined, or violated because of the employer's termination of the employee." *McGlaughlin*, 750 A.2d at 289. Public policy of the Commonwealth is implicated and undermined when an employee avers that he or she made a complaint to a Commonwealth agency. *Id.* at 287. The Pennsylvania Supreme Court has affirmed "dismissal of a claim where the plaintiff 'had not established how a private report to an employer would undermine the workings of any Commonwealth agency or any statutory mechanism within the Commonwealth.'" *Consolmagno,* 2006 WL 3524455, at *3. (citing McGlaughlin750 A.2d 283).

In this case, Plaintiff fails to aver that he made a complaint to a Commonwealth Agency in connection with his wrongful termination claim. Instead, Plaintiff's complaint states that "Mr. McComb's discharge was the result of Mr. McComb's complaint to Morgan Stanley regarding Morgan Stanley's violation of HIPAA." (Docket No. 74 at ¶ 101). These allegations merely amount to an internal complaint made to an employer, rather than a public agency. Hence, Plaintiff has failed to establish how his private report to Defendant Morgan Stanley implicates or undermines any public policy within the Commonwealth of Pennsylvania.

Moreover, Plaintiff has not shown how his discharge undermines a public interest of this Commonwealth. Plaintiff argues in his First Amended Complaint that the public policy established by HIPAA, in seeking to maintain the confidential nature of employees' medical information throughout each state, including the Commonwealth of Pennsylvania, has been

violated and, therefore, his wrongful termination is actionable under the public policy exception to the employment at will doctrine. (Docket No. 74 at ¶ 102). Plaintiff urges this Court to adopt this broad reasoning, yet fails to refer us to any specific statute, constitutional premise, or decision from this Court to support his position.

In light of this ruling, this Court declines to examine Plaintiff's second argument delving deeper into public policy.

### V. Conclusion

Defendant Morgan Stanley's Partial Motion to Dismiss is GRANTED and Plaintiff's wrongful termination claim (Count IV) is DISMISSED. An appropriate order follows.

          */s/Nora Barry Fischer*
          Nora Barry Fischer
          United States District Judge

Dated: April 7, 2008

cc/ecf: All counsel of record