# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD B. MCCOMB, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 07-1049 |
| | ) Judge Nora Barry Fischer |
| MORGAN STANLEY & CO., INC. | ) |
| and EMPIRE HEALTHCHOICE HMO, INC., | ) |
|     Defendants. | ) |

## MEMORANDUM ORDER

### I.   Procedural History Pertinent to Empire's Motion to Dismiss

Plaintiff originally brought this action against Defendants Morgan Stanley & Co., Inc. and Empire Healthchoice HMO, Inc. ("Empire") on July 26, 2007. (Docket No. 1). Defendant Empire filed a Motion to Dismiss the complaint on September, 24 2007. (Docket No. 23). On November 1, 2007, because Plaintiff conceded that Counts IV (negligent infliction of emotional distress) and V (negligent violation of HIPAA) should be dismissed, this Court dismissed said claims without prejudice as to all Defendants. (Docket No. 47). In addition, the Court granted Plaintiff leave to amend his complaint as to said claims. (Docket No. 47). On November 19, 2007, this Court granted Defendant Empire's Motion to Dismiss with prejudice as to Count VI (defamation) and without prejudice as to Count III (intentional infliction of emotional distress), ordering Plaintiff to file an Amended Complaint. (Docket No. 53). Contemporaneously, this Court issued an Opinion regarding its ruling. (Docket No. 54). Thereafter, on November 20, 2007 (during the case management conference) all parties consented to dismiss with prejudice Counts IV and V. (Docket Nos. 55, 56). A week later, Plaintiff filed a Motion to Reconsider, (Docket No. 59), which was

denied on December 7, 2007. (Docket No. 63). In denying Plaintiff's Motion for Reconsideration, the Court ruled that Plaintiff's allegations failed to meet the requirements for negligent and intentional infliction of emotional distress. *Id*. Mediation was then scheduled by the parties. Accordingly, this Court notified counsel during a telephone conference that pursuant to its previous order (Docket No. 53), Defendant Empire was dismissed from the action and not required to appear for mediation. (Docket No. 65). In fact, the Court later issued an order that expressly dismissed Defendant Empire from the action with prejudice. (Docket No. 73). During this time period, Plaintiff filed several motions for extension of time to file his First Amended Complaint. (Docket No. 70). Subsequently, Plaintiff's First Amended Complaint was filed on January 4, 2008. Said amended complaint included a new cause of action against Defendant Empire. (Docket No. 74). As a result, Defendant Empire filed a Motion to Dismiss and/or Strike the Plaintiff's First Amended Complaint and Memorandum of Law in Support of said Motion (Docket Nos. 77, 78) to which Plaintiff responded with a Motion and Memorandum of Law in support of his position. (Docket Nos. 82, 83). Finally, Defendant Empire filed a Reply Brief in Support of its motion. (Docket No. 86). For the reasons stated below, Defendant Empire's Motion to Dismiss and/or Strike is GRANTED.

**II.     Analysis**

The right to amend pursuant to Fed. R. Civ. P. 15(a) does not apply to amendments seeking to add new defendants into a case. William W. Schwarzer, A.Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial 8:374 (2007). Further, where a court has dismissed with prejudice all claims asserted in a pleading against a party to a given litigation, the Plaintiff is precluded from filing an amended pleading against said party without first seeking leave of Court.

2

*United States v. Union Corp.*, 194 F.R.D. 223, 234,236 (E.D. Pa. 2000). The phrase "with prejudice" is firmly established in this circuit and "indicates that no further pleading may be done in the district court without the court's leave." *Id*. at 236.

This Court dismissed all claims against Defendant Empire with prejudice prior to Plaintiff's filing of his First Amended Complaint. Specifically, in the order dated December 27, 2007, all of Plaintiff's claims against Defendant Empire were dismissed expressly and with prejudice. (Docket No. 73). Hence, Plaintiff was required to seek the Court's leave in order to reintroduce Defendant Empire back into this litigation and he failed to do so. Moreover, this Court notes that according to the Case Management Order filed in this matter on November 20, 2007, motions to add new parties were to be filed by December 10, 2007. (Docket No. 57). Accordingly, Plaintiff's First Amended Complaint, which added Defendant Empire as a new party, was therefore also untimely as it was not filed until January 4, 2008. Even assuming that no procedural defects existed, in this Court's estimation, Plaintiff's claim for tortious interference with contractual relations (Count VI) against Defendant Empire is futile as the facts pled are legally insufficient. In addition, said claim is barred by the statute of limitations. *See Cardio-Medical Associates, Ltd. V. Crozer-Chester Medical Center*, 721 F.2d 68, 77 (3d Cir. 1983).

### III. Conclusion

Accordingly, this Court dismisses Count VI of Plaintiff's First Amended Complaint against Defendant Empire with prejudice.

                                          */s/Nora Barry Fischer*
                                          Nora Barry Fischer
                                          United States District Judge

Dated: April 14, 2008

cc/ecf: All counsel of record